UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARMEN CORONA,

    Plaintiff,

v.                                                       Case No. 8:12-cv-2377-T-27AEP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision failed to properly consider the opinion of a consultative psychologist, it is recommended that the Commissioner's decision be remanded.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 139-49). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 63-81). Plaintiff then requested an administrative hearing (Tr. 82-84). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 30-62). Following the hearing, the

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* 42 U.S.C. 405(g); Fed. R. Civ. P. 25(d).

ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 9-29). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-8). Plaintiff then timely filed a complaint with this Court (Dkt. No. 1). The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born on October 11, 1963, claimed disability beginning October 27, 2008 (Tr. 139, 146). She had at least a tenth-grade education (Tr. 34, 178, 347). Her past relevant work experience included work as a service establishment attendant, machine operator, mat cutter, counter attendant, and assembler (Tr. 21, 55). She alleged disability due to a degenerative disc in her back, obesity, diabetes, Hepatitis C, sciatica, bipolar disorder, and endometriosis (Tr. 173).

After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: obesity, diabetes mellitus, lumbar disc disease, history of treated Hepatitis C, sleep disorder, bilateral Achilles tendonitis, and cervical and thoracic strain (Tr. 14-16). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 16). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform less than the full range of sedentary work (Tr. 16-21). Specifically, the ALJ determined that Plaintiff could lift, carry, push, and pull 10 pounds occasionally and 5 pounds frequently; sit for 6 hours in an

8-hour workday; stand and walk for 2 hours in an 8-hour workday; never climb ladders, scaffolding, and ropes; occasionally climb stairs and ramps; occasionally balance and stoop, meaning bending at the waist to get in and out of the chair; and could not crouch, kneel, crawl, overhead reach, or work around dangerous moving machinery or at unprotected heights (Tr. 16). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's allegations regarding the severity and limitations of her impairments and found them not entirely credible (Tr. 19-20).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform her past relevant work (Tr. 21-22). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a surveillance system monitor and lens inserter (Tr. 22-23, 57). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 23).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given

to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002)(*per curiam*).

### III.

Plaintiff argues here that the ALJ erred by (1) finding Plaintiff's mental impairment non-severe, (2) failing to properly consider Plaintiff's subjective complaints, and (3) failing to properly consider the opinion of Dr. Lawrence Pasman, a consultative psychologist. For the reasons that follow, the case should be remanded for further administrative proceedings.

**A.     Mental Impairment**

Initially, Plaintiff argues that the ALJ erred by finding her mental impairment of bipolar disorder did not constitute a severe impairment at step two of the sequential analysis. Indeed, the ALJ determined that Plaintiff had the severe impairments of obesity, diabetes mellitus, lumbar disc disease, history of treated Hepatitis C, sleep disorder, bilateral Achilles tendonitis, and

cervical and thoracic strain, but the ALJ did not find that Plaintiff suffered from a severe mental impairment. Despite Plaintiff's contentions to the contrary, the ALJ's findings were sufficient at step two. The reason is that the finding of *any* severe impairment is enough to meet the demands of step two. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

Step two operates as a threshold inquiry. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see Gray v. Comm'r of Soc. Sec.*, No. 13-11837, 2013 WL 6840288, at *1 (11th Cir. Dec. 30, 2013) (*per curiam*). At step two of the sequential analysis, a claimant must show that he or she suffers from an impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities, namely: walking, standing, sitting, pushing, reaching, seeing, hearing, speaking, understanding and carrying out of simple instructions, use of judgment, and responding appropriately in the workplace. 20 C.F.R. §§ 404.1520, 404.1521, 416.920, 416.921. A claimant need show only that his or her impairment is not so slight and its effect is not so minimal that it would clearly not be expected to interfere with his or her ability to work. *McDaniel*, 800 F.2d at 1031; *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984) (*per curiam*). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). In other words, an impairment or combination of impairments is not considered severe where it does not significantly limit the claimant's physical or mental ability to perform basic work activities. *Turner v. Comm'r of Soc. Sec.*, 182 Fed. App'x 946, 948 (11th Cir. 2006) (*per curiam*).

Notably, the finding of *any* severe impairment, whether or not it results from a single severe impairment or a combination or impairments that together qualify as severe, is enough to satisfy step two. *Jamison*, 814 F.2d at 588; *see Packer v. Comm'r, Soc. Sec. Admin.*, No. 13-11578, 2013 WL 5788574, at *1 (11th Cir. Oct. 29, 2013) (*per curiam*); *see also Heatly v. Comm'r of Soc. Sec.,* 382 Fed. App'x 823, 824-25 (11th Cir. 2010) (*per curiam*). Indeed, where an ALJ determines at step two that at least one severe impairment exists, the threshold inquiry at this step is satisfied. *Packer*, 2013 WL 5788574, at *2; *see Heatly*, 382 Fed. App'x at 824-25 (noting that an ALJ's failure to identify an impairment as severe, where the ALJ found that the plaintiff suffered from at least one severe impairment, constituted harmless error and was, in fact, sufficient to meet the requirements of step two and additionally noting that nothing requires the ALJ to identify, at step two, all of the impairments that could be considered severe). Accordingly, since the ALJ in this action determined that Plaintiff possessed multiple severe impairments at step two, and thus proceeded beyond step two in the sequential analysis, any error in failing to find that Plaintiff did not suffer from a severe mental impairment is harmless. *Packer*, 2013 WL 5788574, at *2; *Heatly*, 382 Fed. App'x at 824-25. Notwithstanding, and as will be discussed in greater detail below, the ALJ failed to properly consider the opinion of Dr. Lawrence Pasman, a consultative psychologist, in evaluating Plaintiff's mental impairment and limitations, and, accordingly, the case should be remanded.[2]

---

[2] Given these findings, the ALJ may also want to reconsider on remand whether, at step two of the sequential analysis, Plaintiff's mental impairments constitute severe impairments.

### B.     Dr. Pasman

As noted, Plaintiff contends that the ALJ erred by failing to properly consider the opinion of Dr. Pasman, a consultative psychologist who examined Plaintiff.  When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence.  *See* 20 C.F.R. §§ 404.1527, 416.927.  In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).  For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive.  20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).  Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive.  20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).  The ALJ may reject any opinion when the evidence supports a contrary conclusion.  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)(*per curiam*).

In this instance, Dr. Pasman performed a clinical interview and a mental status evaluation in June 2009 (Tr. 293-96).  Plaintiff presented to Dr. Pasman as very depressed and worried with anxiety and an inability to sleep (Tr. 293).  Upon examination, Dr. Pasman opined that Plaintiff demonstrated deficits in her capacity for understanding and memory and in adaptation (Tr. 295-

96). Specifically, Dr. Pasman noted that Plaintiff's memory for recent events appeared to be severely impaired, as evidenced by Plaintiff's inability to recall any of 3 items after a 5-minute delay, and opined that Plaintiff might have adaptive deficits in the work domain (Tr. 296). Dr. Pasman then determined that Plaintiff demonstrated the presence of both a mood disorder and an anxiety disorder, each of which could have contributed to her memory disturbance, although Dr. Pasman noted that Plaintiff's use of psychotropic medications could also adversely affect her memory (*id.*). Dr. Pasman diagnosed Plaintiff as suffering from bipolar disorder, not otherwise specified, and a generalized anxiety disorder and noted that Plaintiff only experienced marginal improvement with her prescribed medication regimen, so Plaintiff's prognosis appeared to be guarded (*id.*).

In rendering her decision, the ALJ summarized Dr. Pasman's findings but did not state what weight she afforded to Dr. Pasman's opinions regarding Plaintiff's mental impairments (Tr. 18-21). As a state agency medical consultant, Dr. Pasman is considered an expert in the context of Social Security disability determinations. 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). As such, his opinion was entitled to some weight or, at the very least, an explanation as to why the opinion did not deserve any weight. Furthermore, under the Regulations, the opinion from a medical source who has examined the claimant is given more weight than the opinion of a medical source who has not examined the claimant. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). In her opinion, the ALJ afforded great weight to the findings of two non-examining, state agency medical consultants, Dr. Nancy Dinwoodie and Dr. Sharon Ames-Dennard, who each essentially determined that Plaintiff's mental impairments were not severe (Tr. 307-20, 332-45). Despite

9

the fact that Dr. Pasman conducted an in-person clinical interview and mental status evaluation, rather than simply a review of Plaintiff's records, the ALJ omitted any reference to the weight afforded to Dr. Pasman's opinion that Plaintiff's memory for recent events was severely impaired and that Plaintiff would experience adaptive deficits in the work domain. Accordingly, the ALJ should have explained the weight she afforded Dr. Pasman's opinion and the case should be remanded for the ALJ to reconsider Dr. Pasman's opinion and explicitly delineate the weight afforded to that opinion.

### C.   Subjective Complaints

Plaintiff additionally contends that the ALJ erred by failing to properly consider her subjective complaints. In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529, 416.929. In social security disability cases, credibility determinations fall within the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Typically, the ALJ makes credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225; *see* 20 C.F.R. §§ 404.1529, 416.929. When the ALJ discredits the

claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562. Given the findings set forth above, the ALJ should further reconsider Plaintiff's subjective complaints relating to her mental impairments and their effect on her ability to work.

**IV.**

Accordingly, for the foregoing reasons, it is

RECOMMENDED:

1. The Commissioner's decision be REVERSED and the matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk be directed to enter judgment for Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 3rd day of February, 2014.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. James D. Whittemore

Counsel of Record